O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO J. SALAZAR,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 2:16-cv-08068-KES<br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Marco J. Salazar ("Plaintiff") appeals the final decision of the Administrative Law Judge ("ALJ") denying his application for Supplemental Security Income ("SSI"). For the reasons discussed below, the ALJ's decision is AFFIRMED.

**I.**

**BACKGROUND**

Plaintiff applied for SSI on August 26, 2013, alleging disability commencing August 6, 2013. Administrative Record ("AR") 123-28. An ALJ conducted a hearing on February 10, 2015, at which Plaintiff, who was represented by an attorney, appeared and testified. AR 23-42.

1

On April 11, 2015, the ALJ issued a written decision denying Plaintiff's request for benefits. AR 12-19. The ALJ found that Plaintiff had the severe impairments of diabetes mellitus with neuropathy and hypertension. AR 14. Despite these impairments, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b)[1] with additional postural limitations and restrictions against extreme temperatures and other environmental conditions. AR 15.

Based on this RFC and the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff could not return to his past relevant work as a tow truck driver, but that he could work as a cashier, counter clerk, or office helper. AR 17-18. Therefore, the ALJ concluded that Plaintiff is not disabled. AR 19.

## II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Comm'r of SSA, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."

supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

In determining a claimant's RFC, the ALJ should consider those limitations for which there is support in the record, but the ALJ need not consider properly rejected evidence of subjective complaints. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) ("Preparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary."); Batson v. Comm'r of SSA, 359 F.3d 1190, 1197 (9th Cir. 2004) ("The ALJ was not required to incorporate evidence from the opinions of Batson's treating physicians, which were permissibly discounted.").

"A decision of the ALJ will not be reversed for errors that are harmless." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Generally, an error is harmless if it either "occurred during a procedure or step the ALJ was not required to perform," or if it "was inconsequential to the ultimate nondisability determination." Stout v. Comm'r of SSA, 454 F.3d 1050, 1055 (9th Cir. 2006).

### III.
### ISSUES PRESENTED

Plaintiff raises one claim of error: that the ALJ did not properly consider Plaintiff's testimony. Joint Stipulation ("JS") at 4.

### IV.
### DISCUSSION

**A.** **The ALJ Properly Discounted Plaintiff's Subjective Pain Testimony.**

**1.** **Applicable Law.**

An ALJ's assessment of symptom severity and claimant credibility is entitled

to "great weight." See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). "[T]he ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks omitted).

In evaluating a claimant's subjective symptom testimony, the ALJ engages in a two-step analysis. Lingerfelter, 504 F.3d at 1035-36. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment [that] could reasonably be expected to produce the pain or other symptoms alleged." Id. at 1036 (internal quotation marks omitted). If so, the ALJ may not reject claimant's testimony "simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged." Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996) (emphasis in original).

Second, if the claimant meets the first test, the ALJ may discredit the claimant's subjective symptom testimony only if he makes specific findings that support the conclusion. Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010). Absent a finding or affirmative evidence of malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); Ghanim v. Colvin, 763 F.3d 1154, 1163 & n.9 (9th Cir. 2014). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. Smolen, 80 F.3d at 1283-84 & n.8. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." Burch, 400 F.3d at 681.

The ALJ may also use ordinary techniques of credibility evaluation, such as

considering the claimant's reputation for lying and inconsistencies in his statements or between his statements and his conduct. Smolen, 80 F.3d at 1284; Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).[2]

**2. Plaintiff's Testimony.**

At the hearing, Plaintiff's lawyer argued that due to Plaintiff's age and education level, Plaintiff would be considered disabled if his RFC limited him to sedentary work.[3] AR 26.

Plaintiff testified that he lives with his 82-year-old mother. AR 27-28. He can cook for himself, do his own laundry, clean, and shop for groceries. AR 28. He drives about three times each week, typically going to church or the market. AR 28. He does grocery shopping and laundry once a week, while he goes to church twice a week. AR 148-49. His cleaning tasks include vacuuming his bedroom, making the bed, and washing dishes. AR 149.

---

[2] The Social Security Administration ("SSA") recently published SSR 16-3p, 2016 SSR Lexis 4 (2016), Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims. SSR 16-3p eliminates use of the term "credibility" from SSA policy, as the SSA's regulations do not use this term, and clarifies that subjective symptom evaluation is not an examination of a claimant's character. Murphy v. Comm'r of SSA, 15-cv-126, 2016 U.S. Dist. LEXIS 65189, at *25-26 n.6 (E.D. Tenn. May 18, 2016). SSR 16-3p took effect on March 16, 2016, approximately a year after the ALJ issued his decision on April 11, 2015. Plaintiff neither argues that SSR 16-3p applies retroactively nor that its retroactive application would make a difference in this case. The Court, therefore, applies the rules for analyzing claimant credibility in effect at the time of the ALJ's decision.

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally [i.e., up to 1/3 of the time] and other sedentary criteria are met." 20 C.F.R. § 416.967(a).

1    Plaintiff testified that it was mostly his diabetes and related problems that
2 prevent him from working. AR 32. He stopped working as a tow truck driver due to
3 diabetic foot and leg pain. AR 29. He takes medicine for pain twice a day which
4 "helps suppress it to the point where [he] can function without being in extreme
5 pain," but he still has pain throughout the day. AR 30. Taking the first dose of
6 medication makes him feel groggy, as if he had been drinking. AR 32-33. Taking
7 the second dose causes insomnia and diarrhea. AR 33. He uses the bathroom 7-10
8 times each night, such that by morning, he "barely [has] enough strength to walk"
9 until he eats and drinks something. AR 151.

Even when taking the medication and suffering through the side effects, he still has problems with "shooting pain" every three to five hours, regardless of his posture. AR 35. He experiences cramping about 80% of the day. AR 35. He can only stand or walk 20 minutes at a time. AR 36. He walks "a couple of minutes" once or twice a day for exercise. AR 38. He can lift an 8-pound gallon of milk. AR 37. If he tries to lift something heavier, he feels "tightness and stiffness in [his] legs." AR 38.

Prior to the hearing, Plaintiff completed an Exertion Questionnaire. AR 148. Plaintiff reported that he experiences fatigue, weakness, and dizziness. AR 148. To walk one block would take him 20 minutes. AR 148. He goes to church twice a week. AR 148. He can climb stairs, but it causes "tension and soreness" in his legs. AR 149. He sleeps 6-8 hours each night but still requires rest period of 2-3 hours each day. AR 150. He does not use a cane or other device for assistance. AR 150.

If the ALJ had accepted Plaintiff's testimony concerning his extreme limitations on walking, standing, and lifting, then Plaintiff would not have the RFC to perform even sedentary work. See n. 3, above.

### 3. The ALJ's Treatment of Plaintiff's Testimony.

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however,

6

[Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible …." AR 16. The ALJ gave four reasons for discounting Plaintiff's credibility: (1) lack of objective evidence to support Plaintiff's allegations; (2) treatment records showing Plaintiff's condition "has been controlled with medication" and only "fleeting complaints" about side effects; (3) Plaintiff's daily activities are inconsistent with total disability, and (4) Plaintiff's inconsistent work history does not demonstrate a strong commitment to work. AR 16.

**4. Analysis.**

Plaintiff contends that the ALJ failed to articulate any clear and convincing reasons for finding Plaintiff not credible. JS at 5. The Court disagrees.

    a. Plaintiff's Daily Activities are Inconsistent with His Claims of Disabling Impairments.

In discounting Plaintiff's testimony, the ALJ noted that Plaintiff "remains able to independently perform cooking and cleaning tasks, including laundry chores, and he admitted that he continues to drive three times a week." AR 16.

The ALJ's conclusion is a clear and convincing reason to discount Plaintiff's credibility. Plaintiff's reported daily and weekly activities indicate functioning inconsistent with his extreme allegations of disabling impairments (e.g., unable to walk or stand for more than 20 minutes or lift more than a gallon of milk). See, e.g., Burch, 400 F.3d at 680 (upholding adverse credibility determination based on claimant's ability to care for personal needs, cook, clean, shop, manage finances, and interact with boyfriend); Morgan v. Apfel, 169 F.3d 595, 600 (9th Cir. 1999) (claimant's ability to fix meals, do laundry, work in the yard, and occasionally care for his friend's child was evidence of claimant's ability to work); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (upholding ALJ's finding that the claimant's allegations of disabling symptoms were undermined, in part, "by her own testimony about her daily activities, such as attending to the needs of her two

young children"); Denham v. Astrue, 494 F. App'x 813, 815 (9th Cir. 2012) (ALJ reasonably found claimant's statements as to the nature and severity of her limitations inconsistent with "her daily activities, which included performing various chores and caring for two young children").

Plaintiff contends that his daily activities are not inconsistent with the asserted incapacity "to perform work activity on a sustained basis," because he can only do them sporadically. JS at 10. For purposes of a credibility, however, what matters is whether Plaintiff's activities are inconsistent with his self-reported limitations. See Molina, 674 F.3d at 1113 ("The ALJ could reasonably conclude that Molina's activities, including walking her two grandchildren to and from school, attending church, shopping, and taking walks, undermined her claims that she was incapable of being around people without suffering from debilitating panic attacks."). Plaintiff's claim that his medication makes him so groggy that he can only function during the day as if he had been drinking, and that he still has pain so significant he cannot be on his feet for more than 20 minutes, is inconsistent with being able to drive, cook, shop, clean, and go to church twice a week.

      b.  Plaintiff's Treatment Records Show Improvement Inconsistent with His Claims of Disabling Symptoms.

"Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." Hampton v. Astrue, 10-cv-00884, 2011 U.S. Dist. LEXIS 52704, at *29-30 (E.D. Cal. May 6, 2011) (citing Warre v. Comm'r of SSA, 439 F.3d 1001, 1006 (9th Cir. 2006)); id ("[M]edication management of Plaintiff's pain was clear and convincing reasons for finding Plaintiff's subjective complaints lacked credibility.").

Here, the ALJ cited treatment records from August 2013 and May 2014 in which Plaintiff reported his pain as 0 on a scale of 1-10. AR 16, citing AR 228 (noting chronic diabetes and neuropathy, listing Plaintiff's medications, and scheduling physical exam in three months) and AR 285 (again listing medications

and scheduling "regular follow up 3 months"). In the JS, Plaintiff neither discusses these records nor cites to any treatment records tending to show that his symptoms were not adequately controlled with medication, or that his medications cause disabling side effects.

    c.  The ALJ was Permitted to Consider Plaintiff's Work History.

A claimant's "extremely poor work history" and "little propensity to work in [his or] her lifetime" may negatively affect the claimant's credibility regarding his or her inability to work. Thomas, 278 F.3d at 959; see also Ramos v. Astrue, 11-cv-4029-SP, 2012 U.S. Dist. LEXIS 99152, at *29 (C.D. Cal. July 17, 2012) (affirming adverse credibility finding where "plaintiff earned less than $5,000 a year in seven of the fourteen years between 1988 (when plaintiff was eighteen years old) and his alleged onset dates of October 2002").

The ALJ cited AR 132 as evidence of Plaintiff's poor work history. AR 16. That record shows Plaintiff's earnings back to 1989 and shows that in many years prior to the alleged 2013 onset date, Plaintiff had no or minimal earnings. AR 132 ("0" earnings in 2003-2007, 2011; about $5,000 in 2008, about $3,000 in 2009; and $16 in 2010). Plaintiff does not address this reason in the JS.

    d.  The Claimed Severity of Plaintiff's Symptoms is Not Supported by Objective Medical Evidence.

The ALJ further concluded that the "medical evidence of record documents only scant evidence of significant impairment." AR 16. The ALJ's conclusion that this evidence was inconsistent with Plaintiff's testimony is again a clear and convincing reason for discounting Plaintiff's credibility. The ALJ cited an October 2013 report by a consultative examiner indicating that Plaintiff retains a "normal range of motion, adequate motor strength, normal neurological functioning, and a normal gait." AR 16, citing AR 278-80. That examiner opined that Plaintiff could perform a wide range of work at the light exertional level. AR 16, citing AR 280. In another assessment dated November 2013, a state agency physician opined Plaintiff

could perform a reduced range of light work, including lifting 10 pounds frequently and sit, stand or walk for 6 hours in an 8-hour day. AR 17, citing AR 48-49.

Ultimately, the ALJ did not rely solely on the lack of supporting medical evidence to discount Plaintiff's credibility. As discussed above, the ALJ gave three other clear and convincing reasons to discount Plaintiff's claims concerning the severity and limiting effects of his pain. The ALJ was permitted to consider the lack of supporting medical evidence as a factor confirming his other reasons. See Burch, 400 F.3d at 681; Rollins, 261 F.3d at 857 ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (citation omitted); Social Security Ruling 96-7p, 1996 SSR Lexis 4 (1996) (same).

## IV.
## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

DATED: September 15, 2017

_____
KAREN E. SCOTT
United States Magistrate Judge